[No. 6,378.]

# McLAUGHLIN v. DOHERTY.

APPEAL.—Under § 939 of the Code of Civil Procedure, an appeal must be taken within one year *after* the *entry* of judgment, and therefore an appeal taken before the *entry*, though after the *rendition* of judgment, will be dismissed.

JUDGMENT—ENTRY—RENDITION—DEFINITION. — A judgment is *rendered* when ordered by the Court, and *entered* when actually entered in the judgment book.

MOTION to dismiss appeal.

The facts are stated in the opinion.

*Wm. M. Pierson*, and *W. W. Cross*, for Appellant.

*T. R. Wise*, for Respondent.

Department No. 2, SHARPSTEIN, J. :

The notice of appeal in this case was served and filed on the 17th day of October, 1878. The order for judgment was made on the 7th day of October, 1878, but the judgment was not entered until the 29th day of October, 1878, or twelve days after the service of the notice of appeal.

Section 939 of the Code of Civil Procedure provides that "an appeal may be taken from the final judgment * * * within one year after the *entry* of the judgment." This appeal is from a final judgment. Prior to the adoption of the Code, § 336 of the Practice Art authorized an appeal to be taken from a final judgment "within one year after the *rendition* of the judgment." In *Gray* v. *Palmer*, 28 Cal. 416, this provision of the Practice Art was before this Court for a construction, and the Court in its opinion defined with precision and minuteness the distinction between the *rendition* and the *entry* of a final judgment within the meaning of that act. The distinction which the Court drew between the two was, that a judgment is *rendered* when ordered by the Court, and *entered* when actually entered in the judgment book. "We cannot," says the Court, "resist the conclusion that the terms 'rendition' and 'entry' are used in different senses, and to express the idea appropriate

to those words respectively." This decision was cited and approved afterward in many other cases by the same Court before the enactment of the Code.

The Legislature must be presumed to have been familiar with these decisions, and to have had them in view when it changed the clause as above stated. It adopted the definitions which the Court had given to the two words, by substituting one for the other. It in effect enacted that thereafter an appeal must be taken within one year after the *entry*, instead of within one year after the *rendition* of a judgment; and that both the "entry" and "rendition" of a judgment had been correctly defined by this Court.

Unless we hold that the words "rendition" and "entry" mean one and the same thing, we must fix upon one or the other as the time after which an appeal may be taken. If a judgment is "entered" when "rendered," within the meaning of the Code, then this appeal was taken after the *entry* of the judgment; otherwise not. Section 936 of the Code of Civil Procedure provides that "a judgment or order in a civil action, except when expressly made final by this Code, may be reviewed as prescribed in this title, *and not otherwise.*" One of the requirements of that title is, that an appeal be taken "within one year after the *entry* of the judgment." If we are correct in our view of what constitutes an entry of a judgment, this appeal was taken *before* and not *after* the *entry*, and therefore must be dismissed.

Appeal dismissed.

Myrick, J., and Thornton. J., concurred.