[S. F. No. 2208.   Department One.—January 29, 1901.]

In the Matter of the Estate of GIOVANNI DEVINCENZI, Deceased.  LUIGI FIGONI, Appellant, v. ANTONIO DEVINCENZI, Administrator, Respondent.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—ORDER VACATING SALE—PREMATURE APPEAL—JURISDICTION.—An appeal from an order vacating a sale of the real estate of a deceased person, taken before the order was entered in the minutes of the court, was premature, and gave this court no jurisdiction of the subject matter.

ID.—VOID REVERSAL—CONTINUANCE OF VACATING ORDER. — Upon such appeal a reversal of the vacating order was unauthorized and void, and left the order in as full force and effect as if no appeal therefrom had been attempted.

ID.—CONFIRMATION OF SALE—JURISDICTION OF SUPERIOR COURT.—While the valid order setting aside the sale remained in force, the superior court was without jurisdiction to grant a petition for confirmation of the sale.

APPEAL from an order of the Superior Court of the City and County of San Francisco confirming a sale of the real estate of a deceased person.  Charles W. Slack, Judge setting aside sale.  James M. Troutt, Judge confirming sale.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

James A. Devoto, and Devoto, Richardson & Long, for Respondent.

HARRISON, J.—Appeal from an order confirming the sale of real estate.

The respondent made a sale of certain real estate of the above-named decedent under an order of the superior court authorizing him thereto, and thereafter made his return to the court setting forth that he had sold the same to the appellant herein. At the hearing upon this return the appellant filed objections to a confirmation of the sale, and the court made an order vacating and setting aside said sale and declaring the same to be null and void. This order was dated July 8, 1896, and was filed with the clerk of the court July 10th, and entered at length in the minutes of the court July 27th. On July 10th the administrator served upon the appellant his notice of appeal from said order, and the same together with an undertaking on appeal was filed with the clerk within five days thereafter. Upon the hearing of the appeal in this court the order was reversed (119 Cal. 498), and the *remittitur* thereon was filed in the superior court and entered in its minutes February 2, 1898. Thereafter the administrator applied to the superior court for an order confirming the sale to the appellant, and after notice thereof and hearing upon the same the court made an order confirming said sale. From this order the present appeal has been taken.

At the date when the appeal from the order vacating the sale was taken that order had not been entered of record. There was at that time no order from which an appeal could be taken and no subject matter within the jurisdiction of this court. The appeal therefrom was, therefore, premature, and gave to this court no jurisdiction to entertain the same. (*Estate of Pearsons,* 119 Cal. 27; *Estate of Scott,* 124 Cal. 671.) Being without jurisdiction over the subject matter of the appeal, the direction of this court for a reversal of the order of July 27, 1896, was unauthorized, and the order was not vacated by such direction, but remained in as full force as if no appeal therefrom had been attempted. When, therefore, in 1898, the administrator asked for a confirmation of the sale, the superior court was confronted with a valid order by which

that sale had been annulled, and was without jurisdiction to grant the application.

*Brady v. Burke*, 90 Cal. 1, involved the validity of a judgment of the supreme court affirming a judgment of the superior court, where the appeal was taken before the judgment had been entered. A formal judgment in favor of the plaintiff in the case of *Brady v. Page*, 59 Cal. 52, bearing date March 19, 1878, had been signed by the judge of the court, and findings and an order for judgment filed March 21, 1878. Judgment was not entered, however, until January 7, 1882. In November, 1878, the defendant appealed from said judgment to this court, and the judgment was affirmed. It was held that this court acquired no jurisdiction of the appeal, the court saying: "Until the judgment is entered, such court retains complete jurisdiction of the case, of which it cannot be devested by any unauthorized appeal to this court. If the attention of this court had been called to the fact that it had before it an appeal from a judgment which had never been entered, and which was still within the control of the lower court, the appeal would have been dismissed; but whether this was done or not, the appeal was ineffectual, and this court was in fact without jurisdiction to entertain it. The appeal was futile, and the case remained in the lower court undisturbed."

Under the principles of the foregoing cases, it must be held that the superior court was without jurisdiction to make the order confirming the sale to the appellant.

The order is reversed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.