[L. A. No. 1155.  In Bank.—September 16, 1902.]

JOHN S. BELL, Respondent, v. GEORGE STAACKE et al., Appellants.

137  307
139   44
139  532
139  695
e139  698
139  699

137  307
s141  189

137  307
143  495
143  499
143  500

APPEAL—ENTRY OF JUDGMENT—PREMATURE APPEAL—DISMISSAL.—An appeal from the judgment taken by a notice served and filed prior to the entry of judgment, is premature, and will be dismissed.

ID.—NEW TRIAL ORDER—PREMATURE NOTICE OF MOTION—APPEAL NOT DISMISSED.—The premature service of a notice of intention to move for a new trial, or the failure to serve such notice, cannot deprive this court of jurisdiction to hear an appeal from an order denying the motion, nor constitute ground for dismissal of the appeal. Matters occurring prior to the order appealed from cannot be considered on a motion to dismiss the appeal.

ID.—UNDERTAKING.—Upon an appeal from a judgment and from an order denying a new trial, only one undertaking on appeal need be filed to give the court jurisdiction of both appeals.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. W. S. Day, Judge.

Hearing on motion to dismiss both appeals. The facts are. stated in the opinion of the court.

James L. Crittenden, and Richards & Carrier, for the motion to dismiss, on behalf of Respondent.

T. Z. Blakeman, and Canfield & Starbuck, contra, for Appellants.

VAN DYKE, J.—The respondent moves to dismiss the appeals herein taken from the judgment and also from the order denying appellants' motion for a new trial.

The ground of the motion to dismiss the appeal taken from the judgment, among others, is, that the notice of appeal was prematurely given, being served and filed on the eighth day of July, 1901, and that the final judgment and decree in said action was entered on the ninth day of July, 1901, and not before that day. The showing in support of the motion establishes the fact very clearly that the judgment in the case was entered July 9, 1901, and not before said date, as claimed

on the part of the respondent. Section 939 of the Code of Civil Procedure fixes the time for appeal from the judgment so as to run from the entry thereof; and under this provision it has been repeatedly held that an appeal from a judgment will not lie until after judgment is entered, and if taken before will be dismissed for want of jurisdiction in the appellate court. (*Lorenz* v. *Jacobs,* 53 Cal. 24; *McLaughlin* v. *Doherty,* 54 Cal. 519; *Home of Inebriates* v. *Kaplin,* 84 Cal. 488; *Wood* v. *Etiwanda Water Co.,* 122 Cal. 152; *Estate of Devincenzi,* 131 Cal. 452.)

The main grounds of the motion to dismiss the appeal from the order denying appellants' motion for a new trial are, that the only notice of intention to move for a new trial was served and filed in said action on the ninth day of March, 1901, whereas the final decision was not made or filed in said court until the seventh day of June, 1901; and further, that no undertaking on the appeal from said order was ever filed in said action. The premature service of a notice of intention to move for a new trial, or a failure to serve such notice at all, might be a good reason for denying the motion, but does not deprive this court of jurisdiction to hear the appeal, nor does it constitute a reason for its dismissal upon the ground that the court has not jurisdiction to hear it. Matters occurring prior to the order appealed from cannot be considered on the motion to dismiss an appeal. (*Heinlen* v. *Heilbron,* 94 Cal. 636; *Knowlton* v. *McKenzie,* 110 Cal. 190; *Barnhart* v. *Fullkerth,* 92 Cal. 155; *Centerville etc. Ditch Co.* v. *Bachtold,* 109 Cal. 111; *In re Ryer,* 110 Cal. 556; *Sutter Co.* v. *Tisdale,* 128 Cal. 180.) The undertaking given in this case recites the fact that the appellants named were about to appeal from the decree and judgment entered therein, and also from the order of said court made and entered in said action, and as stated therein is given in consideration of such premises.

It has been repeatedly held that on an appeal from both the judgment and an order denying a new trial only one undertaking for three hundred dollars need be filed in order to give this court jurisdiction of both appeals. This is, however, an exception to the general rule requiring a separate undertaking for each appeal, but the practice has been continued so long and has become so well settled that the court has on several occasions expressly declined to disturb the rule. (*Chester*

v. *Bakersfield Town Hall Assn.*, 64 Cal. 42; *Sharon* v. *Sharon,* 68 Cal. 326; *Centerville etc. Ditch Co.* v. *Bachtold,* 109 Cal. 111; *Williams* v. *Dennison,* 86 Cal. 430.)

The motion to dismiss the appeal taken from the judgment must be granted. The motion to dismiss the appeal from the order refusing a new trial is denied.

Harrison, J., Garoutte, J., McFarland, J., and Henshaw, J., concurred.

BEATTY, C. J., dissenting.—I dissent. Conceding, as I must, that the order dismissing this appeal on the ground that the notice was prematurely filed is sustained by a long and unbroken line of decisions, commencing with *McLaughlin* v. *Doherty,* 54 Cal. 519, and coming down to *Estate of Devincenzi,* 131 Cal. 452, I am still of the opinion that it is not too late to correct what I am convinced was an erroneous construction of section 939 of the Code of Civil Procedure, adopted in the decision first above cited, and ever since followed, without consideration of the injustice to litigants and inconvenience to this court, which it involves. If it be true that the statute has been misconstrued, and that the result of that misconstruction has been the dismissal of numerous appeals which ought to have been heard upon their merits, the number of such miscarriages of justice is no reason for adding another. A rule of procedure which is founded upon a misconstruction of a statute, and which operates only as an obstacle to the consideration of causes upon their merits, is not protected by the principle of *stare decisis.* It is not a rule of property which must be adhered to for the protection of vested rights, and to set it aside can do no possible injustice, while to continue its enforcement is merely to do a fresh wrong in every instance of its application.

There never was, in my opinion, any sufficient ground for holding that section 939 of the Code of Civil Procedure prevented an appeal being taken before the entry of judgment. Prior to the adoption of the codes in 1872 it was provided in section 336 of the Practice Act, which corresponds to section 939 of the Code of Civil Procedure, that an appeal from a final judgment in an action or proceeding might be taken within one year after the *rendition* of the judgment. A judg-

ment, that is to say, was appealable as soon as rendered, and ceased to be appealable one year from that date.

There is, however, always some interval, and often a considerable interval, between the judicial act of pronouncing or rendering judgment and the purely ministerial act of recording it by the clerk, upon whom that duty devolves. Owing to the erroneous opinion entertained by some attorneys, that a judgment was not rendered in the sense of the statute until it was entered of record, they delayed appealing for more than a year after the rendition of judgments, in the belief that their appeals would be in time if taken within a year after entry. These appeals were dismissed upon the ground that they had not been taken in time. (*Gray* v. *Palmer*, 28 Cal. 417; *Peck* v. *Curtis*, 31 Cal. 207; *Genella* v. *Relyea*, 32 Cal. 159; *Wetherbee* v. *Dunn*, 36 Cal. 249, and other cases not reported.) In all these cases the motion to dismiss involved the question when the judgment was rendered—a question of fact not always conclusively answered by the record. For no other purpose than to prevent the recurrence of these troublesome questions the framers of the Code of Procedure provided in section 939 that an appeal from the judgment might be taken within one year from the *entry* of judgment. This change in the period of limitation upon the right of appeal did not work any change in the *status* or effect of a judgment during the interval between rendition and entry. It retained thereafter the same efficacy and produced the same consequences as before, and there was consequently as much reason for holding it appealable immediately upon its rendition as there had ever been, unless the language of the amendment imposed upon the court the necessity of holding that the legislature intended to cut off the right to appeal before the entry of judgment.

Did the language of the amendment necessarily require, or even reasonably justify, that construction? To my mind it is plain that it did not. The object of the legislature was not to postpone the right of appeal until the clerk of the court should actually transcribe the judgment upon the record, but to extend the right to a full year from such transcription, the date of which it was supposed would be accurately and certainly ascertained and conclusively proved by the record. The object was to enlarge and protect the right, not to restrict

it and involve it in doubt and uncertainty.  Having regard, therefore, to the occasion and purpose of the amendment, it is clear that the words "within one year after the rendition," etc., meant nothing more than if the law had said "not later than one year after."  The word "within" had reference solely to the end of the period prescribed, and not to its beginning.  This is a perfectly legitimate sense of the expression, and is the precise sense that has been ascribed to it by the decisions of this court.

Section 209 of the old Practice Act (Code Civ. Proc., sec. 681) provided that the party in whose favor judgment was given might at any time "within five years after the entry thereof issue a writ of execution," etc.  Here it will be seen is the identical form of expression used in defining the time within which execution may issue that is used in defining the time within which an appeal may be taken.  And how has it been construed?  Has it ever been held that an execution was void or the proceedings thereunder ineffective because it was issued before the entry of judgment?  On the contrary, it has been expressly held that a sale of real property made under an execution so issued is valid and effective to pass the title.  (*Los Angeles County Bank* v. *Raynor*, 61 Cal. 147, cited as authority in *James* v. *Bullard*, 107 Cal. 132.)  In Freeman on Judgments (vol. 1, sec. 38) it is said: "Expressions occasionally find their way into reports and text-books, indicating that the entry is essential to the existence and force of the judgment.  These expressions have escaped from their authors when writing of matters of evidence, and applying the general rule that in each case the best testimony which is capable of being produced must be received, to the exclusion of every means of proof less satisfactory and less authentic. The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial.  A judgment is not what is entered, but what is ordered and considered.  The entry may express more or less than was directed by the court, or it may be neglected altogether; yet in neither of these cases is the judgment of the court any less *its* judgment than though it were accurately entered.  In the very nature of things, the act must be perfect before its history can be so; and the imperfection or neglect of its history fails to modify or obliterate the act.  That which the court performs judicially, or

orders to be performed, is not to be avoided by the action or want of action of the judges or other officers of the court in their ministerial capacity.'' It is, therefore, not indispensable to the validity of an execution and a sale made thereunder that the judgment should have been actually entered before the writ issued. "It is therefore the law of this state at the present day that an execution may issue before entry of judgment, although the only provision authorizing its issuance says that it may issue 'within five years after' such entry.'' How, then, does it happen that a law expressed in the same terms cuts off an appeal before entry? No reason for construing the same phrase differently has ever been suggested, and the point seems never to have been considered. The two lines of decision are plainly in conflict, and this conflict involves a consequence which furnishes the strongest argument against the construction given to section 939. If a judgment may be enforced by execution before it is entered, but no appeal can be taken until after it is entered, there is a period of time in all cases, and in any case there may be a considerable period, during which an enforceable judgment is not appealable. To admit that the law can be so framed as to compass this result is to admit a power in the legislature to materially abridge the appellate jurisdiction conferred on this court by the constitution. If the legislature can suspend for one day the right to appeal from an enforceable judgment, I know of no principle upon which its power to suspend the right for a longer period could be denied; and if such a power exists, what becomes of the inherent power of this court under the constitution to make its appellate jurisdiction effective in all cases in which the right of appeal is conferred by the constitution? Upon this view I should deny the validity of a law which attempted to render a judgment in an appealable case enforceable while suspending the right of appeal. But the legislature has made no such attempt; it has defined the time for taking an appeal and issuing execution in the same form of words, and they demand the same construction in both places. The only inconsistency is found in the decisions of this court, and the only remedy is to recede from one position or the other, and, to my mind, there is no reason to hesitate as to which position should be abandoned. Our

decision that a valid sale may be made under an execution issued before entry of judgment has become a rule of property and is the foundation of vested rights; our decisions that an appeal is void if notice is served before entry of judgment can never be invoked for the protection of a right, but only to debar the examination of a cause upon its merits. They work only in aid of injustice.

No better illustration of the inconvenient results of these rulings could be found than the present case. The prevailing party in the court below—the respondent here—neglected for a long time after the filing of the findings and conclusions of the court to prepare a decree in accordance therewith, and the losing party, who desired to appeal, was compelled himself to prepare the decree, which after some further delay was signed by the judge and filed with the clerk for entry on the twenty-ninth day of June. On the first of July a copy of this decree, certified by the clerk to be *"on file and of record"* in his office, was forwarded to appellants' attorney, who thereupon gave notice of his appeal on the 8th of July. ˙ It is now found, and is probably true, that the decree was not actually recorded in the judgment-book until the next day—July 9th. But in order to determine this point the court has been obliged to read a mass of affidavits of the attorneys, of the clerk, his deputy and assistants, and other parties, explanatory in part of apparent inconsistencies in the records themselves. This conflicting evidence has also been the subject of extended argument—oral and written—involving an amount of labor quite as great as the decision of most cases on their merits. The attorney for respondent admits that he knew very soon after the notice of appeal was served that the judgment had not been recorded prior to the notice. He gave generous extensions of time to appellants for the preparation and service of their briefs, and on that plea obtained liberal extensions of time for filing his brief in reply. By these extensions of time he was able to avoid any disclosure of his objection to the sufficiency of the notice of appeal until it was too late to give another, and then he moved to dismiss.

There could not be a case in which the court could more justly reverse an erroneous rule of procedure, and we could not do ourselves and the profession and the cause of justice a

more substantial service than to lay down now a rule of prac-
tice which for the future would absolve us from the necessity
of expending valuable time in the investigation of questions
such as are involved in this motion.

Rehearing denied.