STATE ex rel COMMONWEALTH FINANCE CORPORA-
TION, Plaintiff, v. CIRCUIT COURT OF BEADLE
COUNTY, SOUTH DAKOTA, AND
TAYLOR, Judge, Defendant.

(179 N. W. 691.)

(File No. 4794.    Opinion filed October 27, 1920.)

1. **Prohibition—Relief By, Conditions to Exercise of (a) Excess of Jurisdiction, (b) No Other Remedy.**

    Under Secs. 3020-3021, pertaining to writ of prohibition, two things are essential to a right to such relief: (a), lower tribunal must be theatening to act without, or in excess of, jurisdiction; (b) parties asking relief must be without other adequate remedy.

2. **Venue—Demand For Change, Whether Depriving Court of Jurisdiction—Whether Venue Changed Though Mandamus Lies to Compel.**

    Under Sec. 2328, Code 1919, providing that if county designated in complaint be not that in which defendant resides, the action may notwithstanding be tried therein unless defendant demand that trial be had in county where he resides, the making of the written demand does not ipso facto deprive the court of jurisdiction. Conceding that, aside from question of waiver, defendant was entitled to an order changing venue, and that mandamus would have issued to compel making of proper order, yet, in absence of an order, venue has not been changed; and court retain jurisdiction to pass upon all matters thereafter arising.

3. **Prohibition—Venue, Refusing Demand for Change Of, Appeal, Not Prohibition, the Remedy.**

    Even though filing of written demand for change of venue were held to oust jurisdiction of trial court, still there remains an adequate remedy by appeal, and orderly administration of justice demands denial of right to remedy by prohibition.

4. **Jurisdiction—Want Of, Of Subject Matter and Party, Prohibition Against Wrongful Exercise—Question Dependent on Facts Or Disputed Law, Error, Reviewable on Appeal—Record on Appeal.**

    Where under undisputed facts, a tribunal never had jurisdiction over subject matter or a party, or both, and yet holds it has jurisdiction, superior courts will ordinarily prohibit it from

wrongful exercise of jurisdiction; but where jurisdiction depends upon disputed facts or disputed question of law that must ·be determined by that court, in the determination of which it has jurisdiction, error in its decision is reviewable on appeal.

5. **Venue—Change Of, Defendant Seeking Affirmative Relief Pending, Jurisdiction to Determine Whether Right to Change Waived—Error Reveiwable by Appeal—Record as Basis.**

Where, prior to demand for change of venue, defendant appeared and sought certain affirmative relief, the question of jurisdiction of circuit court was properly before it for determination; it was its duty and it had jurisdiction to determine such question, and any error therein was reviewable by appeal; and upon the record before that court and that record only.

Original proceeding, by the State of South Dakota on the relation of Commonwealth Finance Corporation, a corporation, against the Circuit Court of Beadle County, South Dakota, and HON. ALVA E. TAYLOR, as judge of said Circuit Court, seeking a writ of prohibition. Writ denied.

*W. S. Thompson,* and *Martens & Goldsmith,* for Plaintiff.

*Gaffy,. Stephens & McNamee,* and *Gardner & Churchill,* for defendant.

(3)  To point three, Plaintiff cited: People Ex Rel Lackey v. District Court 30 Colo. 123; 69 Pac. 597; Cage v. McGee et al, 15 S. D. 247; City of Huron v. Campbell, 3 S. D. 309, 314; Vine et al v. Jones et al, 13 S. D. 54; State Ex Rel Martin v. Superior Court, 97 Wash. 358; 166 Pac. 630; 1917 F. L. R. A. 905 (N. S.); State ex rel. Jones, v. Gay, 65 Wash. 629, 118 Pac. 830.

Defendant cited: 32 Cyc. 618; Chicago & North Western Railway Company v. Dougherty (S. D.) 163, N. W. 715; State of Washington ex rel., Valentine Miller et al. v. Spokane County Superior Court et al 2 L. R. A. (N. S.) 395 (See Note); Robertson Lumber Company v. Jones 99 N. W. 1082.

(5)  To point five, Plaintiff cited: People ex rel Lackey v. District Court, 30 Colo. 123; 69. Pac. 597; 4 C. J. 1340; 2 R. C. L. 328.

Defendant cited: State ex rel. v. Railway Company, 25 S. D. 106; 40 Cyc. 41 to 42, 124 to 125, 111 to 114; 4 Corpus Juris 1359 to 1360; 2 R. C. L. 338.

WHITING, J.  This is an original proceeding, wherein the defendant in a certain cause is seeking from this court a writ of

prohibition, prohibiting a circuit court from exercising any further jurisdiction in that cause. It appears that said defendant, plaintiff here, is a resident of another county than that in which such cause was brought, and it demanded from the circuit court a change of venue to the circuit court of the county of its residence. The plaintiff in said cause contended, in the circuit court, that the said defendant had waived its right to a change of venue by having voluntarily appeared and sought affirmative relief from the court. Such contention was sustained, and the motion for change of venue denied. At the time of the making of such order denying the change of venue certain other matters were pending in the circuit court, and it is to prohibit such court from passing upon these other matters that this proceeding was brought.

[1] Under the statutes of this state (sections 3020, 3021, Rev. Code 1919) two things are absolutely essential to a right to the extraordinary relief sought herein: (a) The lower tribunal must be threatening to act without or in excess of its jurisdiction. (b) The parties seeking this relief must be without other adequate remedy. If either of these necessary elements are lacking, the relief prayed for must be denied.

[2] Our statute (section 2328, Rev. Code 1919) provides that an action, such as the one in question here, may be tried in any county where commenced, even though it be a county where no defendant resides, unless a demand in writing be made that the venue be changed to the county where a defendant resides, and "the place of trial be thereupon changed by consent of the parties or by the order of the court." We think it is clear that, under such statute, the making of the written demand does not ipso facto deprive the court of its jurisdiction. State v. Evans, 184 Mo. 632, 83 S. W. 447. Conceding that, aside from the question of waiver, the defendant was absolutely entitled to an order changing the venue, and that, upon application, a writ of mandamus would have issued to compel the making of the proper order, yet, in the absence of an order, the venue has not been changed. It follows that the trial court has not lost its jurisdiction to pass upon all matters now pending, or which may hereafter arise in said cause, including the rendition of final judgment.

[3] But, even where it is held that the filing of the written demand ousts the jurisdiction of the trial court, it is yet held that there remains an adequate remedy by appeal, and that the orderly administration of justice demands that parties be denied any right to the extraordinary relief here prayed for. State v. Superior Court, 40 Wash. 555, 82 Pac. 877, 2 L. R. A. (N. S.) 395, 111 Am. St. Rep. 925.

[4] It is true that where, under the undisputed facts, a tribunal never had jurisdiction either over the subject-matter, a party, or both the subject-matter and a party, and yet holds that it has such jurisdiction, superior courts will ordinarily prohibit it from wrongfully exercising such jurisdiction; but where the question of the jurisdiction of a court is dependent upon disputed facts or upon a disputed question of law, that must be determined by that court and over the determination of which it has jurisdiction, any error in its decision should be reviewed upon appeal; otherwise, the time of superior courts will be taken up in the determination of issues of law and fact raised upon all manner of interlocutory proceedings. State v. Malone, 40 Fla. 129, 23 South, 575; People v. Surrogate's Court, 36 Hun. 219; State v. Court, 26 Minn. 162, 2 N. W. 166.

[5] In the cause now under consideration the defendant, prior to making a demand for change of venue, voluntarily appeared in court and sought certain affirmative relief. The circuit court held that such action was a waiver of right to a change of venue. In this court, in support of its prayer for extraordinary relief, such defendant submits affidavits in explanation of its action in circuit court. The question of the jurisdiction of the circuit court was properly before that court for determination; it was its duty, and it had jurisdiction to determine such question. It may have erred in its decision; but, if it did err, its ruling should be reviewed, as other claimed errors of law are reviewed, upon appeal, and upon the record that was before the circuit court and that record only. State v. Evans, supra; Penn. Ry. Co. v. Rogers, 52 W. Va. 450, 44 S. E. 300, 62 L. R. A. 178; State v. Durand, 36 Utah, 93, 104 Pac. 760; People v. Smith, 184 N. Y. 96, 76 N. E. 925.

The writ prayed for is denied.