POLLUCK, Respondent, v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

(180 N. W. 61.)

(File No. 4767.   Opinion filed December 2, 1920.)

1.  **Appeals—Dismissal of Appeal—Appeal from Judgment and Order, Undertaking on Appeal From Judgment Only, Clerical Omission Under Statute—Undertaking Allowed.**

Where an appeal to Supreme Court was from both a judgment and an order, but undertaking, served with notice of appeal, referred only to the judgment appealed from, held, that its conditions being identical with those of a bond upon an appeal from an order only, and being served in connection with the appeal notice, it is apparent appellant intended it to cover both appeals, and that it did not do so because of a clerical error constituting a mistake within Sec. 3167, Code 1919, providing that when a party in good faith gives notice of appeal and omits, through mistake or accident, to do any other act necessary to perfect appeal or make it effectual, including giving of proper undertaking, trial court or Supreme Court may permit an amendment, etc., including new undertaking; and motion to dismiss appeal is disallowed, and appellant allowed to serve and file new undertaking.   So held, where appeal from judgment was abortive because not timely taken.   Aldrich v. Public Opinion Co., 27 S. D. 589, distinguished.

2.  **Same—Striking Files From Record—Files Showing Trial Court Without Jurisdiction Re New Trial—Dismissal of Appeal— Whether Motion Can Question Jurisdiction Below—Appellate Jurisdiction, Extent Of Stated.**

Where the records, files and documents pertaining to appeal to Supreme Court show that trial court had lost jurisdiction of the case when motion for new trial was presented and ruled on, and it appearing that if motion to strike files and documents from records should prevail nothing would remain as basis for appellate jurisdiction, and that to sustain such motion is equivalent to dismissing appeal, question arises whether motion to dismiss appeal is proper method of questioning lower

court's jurisdiction; and held, that where trial court is without jurisdiction, appellate court acquires none except to determine that there is lack of jurisdiction below, and, if trial court has held it had none, to affirm such holding,—or, if trial court has held it had jurisdiction and entered orders or judgment, to reverse same but without passing on merits of issues determined thereon.

3. **Same—Striking Records or Dismissing Appeal as Improper Where No Jurisdiction Below—Appeal as True Method of Raising Question—Motions to Dismiss, To Strike Records, Denied.**

That to either strike appeal records or dismiss appeal is an improper method of disposing of an appeal, even though records show trial court was without jurisdiction to make order appealed from, it needs only to consider situation presented if trial court, in a case where appeal records show it had no jurisdiction, had made an order granting new trial, after respondent had perfected appeal therefrom, and present appellant were here asking to have appeal record stricken or appeal dismissed, since to grant either motion would leave in force such order; hence, following State v. Circuit Court of Beadle County, 179 N. W. 691, **held,** that appeal is proper method of raising question of lower court's jurisdiction, hence such question should not be disposed of on motion to dismiss appeal, but on the appeal itself. Whether trial court was without jurisdiction to enter-tain motion for new trial, not decided, but motion to strike appeal records, denied.

Appeal from Circuit Court, Codington County. Hon. WILLIAM N. SKINNER, Judge.

Action by Stanley Polluck, against the Minneapolis & St. Louis Railroad Company, a corporation. From a judgment for plaintiff, defendant appeals after statutory period had expired, and from an order denying a new trial, it appeals. Motion to strike from appeal records the records, files and documents on the appeal, denied; motion to dismiss appeal denied.

*Case & Case,* for Appellant.

*Mather & Stover,* and *Humphrey Barton,* for Respondent.

(1)  To point one of the opinion, Respondent cited: Section 3147 Revised Code 1919; Aldrich v. Public Opinion Pub. Co., 27 S. D. 589, 132 N. W. 278; King v. Herb, 29 S. D. 218; 136 N. W. 106; Hackett v. Gunderson, 1 S. D. 479; 47 N. W. 546; Dodge v. Kimple, 121 Cal. 580, 54 Pac. 94; Sucker State Drill Co. v. Brock, 18 N. D. 598, 120 N. W. 757.

Appellant submitted that: Since the undertaking itself includes the payment of the judgment, and "all damages that shall be awarded on said appeal," there is only one obligation here to be paid and that is the amount represented by the judgment. Should the Court dismiss the appeal from the judgment and sustain the appeal as to the order denying new trial, and should finally hold that no error appeared in the record and that the evidence was sufficient to justify the verdict the judgment of this Court would then be to effect that judgment below be affirmed. And cited: Mather v. Darst, 78 N. W. 954; Fullerton Lumber Company v. Tinker, (S. D.) 115 N. W. 92.

WHITING, J. This cause is before us upon an order requiring appellant to show cause:

(a) Why the appeal herein should not be dismissed.

(b) Why certain papers, documents, and records should not be stricken from the files of this court.

This was a single appeal taken from a judgment and from an order denying a new trial. The appeal from the judgment is concededly abortive because not taken within the time limited by statute. Keyes v. Baskerville, 41 S. D. 214, 170 N. W. 143. The appeal was taken within the statutory period for taking appeals from orders, but the undertaking served and filed with the notice of appeal makes no reference whatsoever to the order. Such undertaking refers to the judgment and recites that appellant "intends to appeal therefrom," and the surety undertakes that appellant "will pay all costs and damages which may be awarded against appellant on said appeal, or on a dismissal thereof, not exceeding $250; and * * * also * * * that if the said judgment so appealed from, or any part thereof, be affirmed, or said appeal be dismissed, the said appellant will pay the amount directed to be paid by said judgment." Respondent contends that such undertaking in no manner secures costs or judgment in case of affirmance of the order; that it is an absolute nullity as an undertaking on the appeal from the order; that, for the above reason, this court never acquired jurisdiction of the appeal from the order; and that, because of the above facts, this case comes under the law announced in Aldrich v. Public Opinion Pub. Co., 27 S. D. 589, 132 N. W. 278, and this appeal should be dismissed. Appellant contends that, if this court should affirm the

order such affirmance necessarily would result in an affirm-
ance of the judgment; that the undertaking, because of its
condition, furnishes the same protection to respondent as it
would if the appeal .from the judgment had been taken in
time and the judgment affirmed on such appeal; that, even
if the undertaking is insufficient, such undertaking was served
and filed with the notice of appeal, thus differentiating this
case from that of Aldrich v. Public Opinion Pub. Co.; and
that, because of the furnishing of such bond, even though
it should be held defective, this court is authorized to allow the
service of a new bond under section 3167, Rev. Code 1919.

[1] We do not deem it necessary to determine whether the
undertaking is sufficient to perfect the appeal. Its conditions are
identically those that should be contained in a bond upon an ap-
peal from the order only. Being attached to and served with the
notice of appeal, we have no doubt whatsoever but that appellant
intended that the undertaking should cover the appeals from both
the order and judgment. If such bond does not cover the appeal
from the order, it is because of a mere clerical omission consti-
tuting a mistake such as is contemplated by said section 3167,
which reads as follows:

"When a party shall in good faith give notice of appeal, and
shall omit, through mistake or accident, to do any other act
necessary to perfect the appeal or make it effectual, including
the giving of a proper undertaking for costs and damages, or to
stay proceedings, the court from which the appeal is taken, or
the presiding judge thereof, or the Supreme Court or any one of
the judges thereof, may permit an amendment, or the proper
act to be done, including the giving of a new undertaking, on
such terms as may be just."

In Tolerton v. Casperson, 7 S. D. 206, 63 N. W. 908, this
court held that relief should be granted under the above section
where an undertaking was served with the notice of appeal, but
such undertaking was, because of a lack of justification of the
surities, "of no effect." In that case, as in this, prior to the rul-
ing on the motion to dismiss but after the time for a new appeal
had expired appellant asked to be permitted to file a new under-
taking. The facts of the present case are radically different from
those in Aldrich v. Public Opinion Pub. Co. In that case there was
not a mere failure to give a "proper undertaking," but a failure to

give or offer to give any until after the statutory period for appealing had expired. The time for appealing having elapsed without any attempt to perfect the appeal, there was nothing upon which the appellant in that case could rely to bring itself under the provisions of said section 3167. Appellant should be and is allowed to serve and file a new undertaknig on this appeal within 20 days from notice of this decision.

[2] Should we sustain respondent's motion and strike from the records of this court "all the records, files, and documents relating and pertaining to the appeal?" Respondent contends that it appears by such "records, files and documents" that, at the time the motion for new trial was presented to and considered by the circuit court, such court was without jurisdiction to hear and determine such motion. For the purposes of this motion we will assume that respondent's contention is correct. It is apparent that if we sustain respondent's motion, there will be nothing left in this court upon which our jurisdiction of this appeal could rest. It follows that to sustain such motion is the equivalent of dismissing this appeal. We are therefore presented with the question of whether a motion to dismiss an appeal is a proper method of questioning the jurisdiction of the lower court. While this question has not been raised by appellant, we should not for that reason grant respondent's motion and thus sanction a wrong procedure which would stand as a precedent.

It is often said that an appellate court acquires no jurisdiction where the lower court was without jurisdiction. This is true to this extent: Where the trial court was without jurisdiction, the appellate court is without any jurisdiction except to determine the lower court's lack of jurisdiction and, if the trial court has held it had no jurisdiction, to affirm such holding; or, if the trial court, has held that it had jurisdiction and entered orders or judgment to reverse such orders or judgment but without passing upon the merits of the issues determined in such orders or judgment.

[3] To make clear that to either strike appeal records or to dismiss an appeal is an improper method of disposing of an appeal, even though such records show the lower court to have been without jurisdiction to make an order appealed from, we need but to consider the situation that would have been presented if the trial court in the present case had made an order granting a new trial, if the present respondent had perfected an

appeal from such order, and if the present appellant was here asking to have the appeal records stricken or the appeal dismissed. To grant either of such motions would leave in full force and effect an order made without jurisdiction.

We virtually disposed of the question before us when, in State v. Circuit Court of Beadle County, 179 N. W. 691, we held that an appeal was the proper method of raising the question of the jurisdiction of a lower court. If appeal is the proper method of raising the question, such question certainly should not be disposed of on a motion to dismiss such appeal, but rather upon the appeal itself.

In the case of Saltzstein v. Nahmens, 152 Wis. 272, 139 N. W. 751, 141 N. W. 234, an appeal to the circuit court had not been properly perfected, but the circuit court, assuming to have acquired jurisdiction, entered an order from which an appeal was taken. Respondent moved to strike the cause from the calendar of the Supreme Court. That court said:

"Even if no jurisdiction was acquired by the circuit court, it does not follow that the appeal to this court must be dismissed or stricken from the calendar. In such a case this court acquires jurisdiction of the case sufficiently to reverse the order because of the lack of jurisdiction."

It would follow that if, in the above case, the trial court had refused to make the order sought in that court and an appeal from its action had been taken, the Supreme Court would have acquired jurisdiction to affirm the action of the trial court.

The proper procedure was followed in Plunkett v. Evans, 2 S. D. 434, 50 N. W. 961. In that case an action was brought for over $100. Motion to dismiss was made in justice court but overruled, and judgment was rendered for $100. On appeal and trial de novo, another motion to dismiss was interposed and overruled, and judgment for plaintiff rendered. On appeal to this court the judgment of the circuit court was reversed and that court directed to dismiss the action. If the circuit court had sustained the motion to dismiss and plaintiff had appealed, then this court would have affirmed the lower court. A motion in this court to strike the appeal record or to dismiss the appeal would not have been proper, whatever the ruling of the circuit court had been.

In Nelson v. Leland, 22 How. 48, 16 L. Ed. 269, it appeared

that a motion to dismiss the appeal "upon the ground of a want of jurisdiction originally in the district court" had previously been made and overruled by the Supreme Court. In speaking of such motion and the ruling thereon, the court said:

"Mr. Chief Justice Taney delivered the opinion of the court, that the question of jurisdiction in the lower court is a proper one for appeal to this court, and for argument when the case is regularly reached, and that the court have jurisdiction on such appeal. The motion to dismiss the appeal on that ground was therefore overruled."

In State ex rel. v. Mayor, 43 La. Ann. 92, 8 South. 893, the facts were as follows: The mayor had removed certain officers. Mandamus proceedings were brought in district court to test the action of the mayor. The district court rightfully held it had no jurisdiction to review such action. Appeal was taken to the Supreme Court. Motion was made to dismiss this appeal. The court made this declaration that is most pertinent to the facts before us:

"An appellate court exercises just such power as the court of first instance possessed but in a different way; and the fact that the court below exercised it properly is no ground for the dismissal of the appeal, while it is for the affirmance of the judgment."

In Barnhart v. Fulkerth, 92 Cal. 155, 28 Pac. 221, we have a case on all fours with the case before us. A motion for new trial was denied and, upon appeal, respondent moved the dismissal of the appeal upon three different grounds all challenging the jurisdiction of the trial court to consider the motion for new trial. The appellate court said:

"If the proceedings on appeal are regular, the appeal should not be dismissed upon grounds showing that the court below had no jurisdiction of the proceedings for new trial; * * * such matters are proper for consideration on the hearing of the appeal."

The above holding has been followed in Gumpel v. Castagnetto, 97 Cal. 16, 31 Pac. 898; In re Ryer, 110 Cal. 556, 42 Pac. 1082; and Bell v. Staacke, 137 Cal. 308, 70 Pac. 171. The following proposition, of which we approve, is laid down in the California decision: Matters occurring prior to an order or judgment cannot be considered on a motion to dismiss an appeal from such order or judgment.

We must decline at this time to determine whether the circuit court was without jurisdiction to entertain the motion for a new trial; we therefore refuse the motion to strike the appeal records from our files.