[No. 14831.   Department Two. — August 15, 1892.]

## NELLIE BURTON DE PEDRORENA, RESPONDENT, v. A. B. HOTCHKISS ET AL., APPELLANTS.

APPEAL — SERVICE OF NOTICE — OBJECTION TO JURISDICTION — WAIVER UNDER RULES. — An objection by a respondent to the jurisdiction of the supreme court to entertain the appeal, on the ground that it does not appear that the notice of appeal was served, will not be considered by the court, where the objection was not taken and notified to the appellant in writing ten days before the hearing, as provided for by the rules of the supreme court.

ID. — AFFIDAVIT OF INCURABLE DEFECT IN TRANSCRIPT. — The consequence of failing to give such notice as provided by the rules cannot be avoided by the making of an affidavit by the respondent to the effect that the defect cannot be cured by a suggestion of diminution of the record, under the rules.

ID. — JUDGMENT ROLL — ORDERS NOT INCORPORATED IN BILL OF EXCEPTIONS — SETTING ASIDE DEFAULT — STRIKING OUT ANSWER. — An order setting aside a default upon conditions, and an order striking out an answer for failure to comply with the conditions, do not constitute part of the judgment roll, and cannot be considered as part of the record upon appeal from the judgment, though printed in the transcript, if not incorporated in a bill of exceptions, and no points attempted to be made in regard to them can be noticed upon such appeal.

DEED IN CONSIDERATION OF LEGAL SERVICES — TRUST — REPUDIATION OF CONTRACT — FAILURE OF CONSIDERATION — UNDUE INFLUENCE — RESCISSION — PLEADING — SUFFICIENCY OF CAUSE OF ACTION — SPECIAL DEMURRER. — A complaint which alleges that the plaintiff's ancestor conveyed to the defendant's wife certain real estate for the expressed consideration of legal service to be rendered by the defendant, and that the defendant agreed to examine and quiet the title to the property at his own cost and expense, and then to reconvey one half thereof to the grantor; but that although eight years had elapsed since the conveyance of the property to the defendant's wife, the appellant had not performed or attempted to perform his agreement; that the title to the property is still clouded, and that the conveyance and agreement were without consideration, and were procured solely by the undue influence of the defendant; that the defendant not only made no attempt to perform the agreement which constituted the whole consideration for the conveyance, but in violation of the trust so created, had sold a portion of the property, appropriating the proceeds to himself, and repudiating the obligations of the agreement and trust, and claiming to be the absolute owner of the property, — although inconsistent, illogical, and insufficient as against a special demurrer, is sufficient, in the absence thereof, to support a decree that the deed to the defendant's wife was void against the plaintiff, except as to the portion conveyed to a *bona fide* purchaser without notice.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*A. B. Hotchkiss*, for Appellants.

*J. E. Deakin*, for Respondent.

TEMPLE, C. — This appeal is from the judgment, without a bill of exceptions, and practically by defendant Hotchkiss alone; for although the notice of appeal is signed by Hotchkiss as attorney for the defendants, the other defendant filed a disclaimer in the lower court, and no point is made here in his behalf.

Objection is made by respondent to the jurisdiction of the court to entertain the appeal, on the ground that it does not appear that the notice of appeal was served. The rules of this court provide that " exceptions or objections to the transcript, statement, the bond or undertaking on appeal, the notice of appeal, or to its service, or any technical objection or exception to the record in civil cases, affecting the right of the appellant to be heard on the points of error assigned, which can be cured on suggestion of diminution of the record, must be taken and notified to the appellant in writing, at least ten days before the hearing, or they will not be regarded."

This was not done in this case, and it is quite evident that the objection is one which may be avoided in the mode pointed out. Respondent's attorney states in his brief that he has filed an affidavit in this court, which shows that the defect cannot be cured by a suggestion of diminution of the record. No such affidavit is found here in the record, and I know of no warrant for such practice, nor can I see how any such affidavit could be made which might not be controverted. The consequence of failing to give the notice required by the rule cannot be avoided by making the affidavit.

The judgment is by default entered upon defendant's failure to appear and answer. He therefore had no attorney of record, or if he had, perhaps the proof of service of the notice of appeal might show due substitution

of attorneys, if we concede that such substitution was necessary to sustain the notice of appeal.

Notwithstanding the default, an answer on the part of defendant Hotchkiss is found in the judgment roll; yet it is recited in the decree that judgment was taken against the defendant Hotchkiss upon his default, which had been duly entered.

There are two minute orders printed in the transcript, from one of which it appears that the default was set aside and defendant allowed to answer upon certain stated conditions, and from the other, that the answer filed was stricken out, because defendant had failed to comply with the conditions upon which the default was set aside, and he was permitted to answer. The statute does not make these minute orders part of the judgment roll. (Code Civ. Proc., sec. 670.) They are, therefore, improperly in the record,—there being no bill of exceptions,—and we cannot notice the points attempted to be made in regard to them. Orders striking out pleadings do not constitute part of the judgment roll. (*Douglas* v. *Dakin*, 46 Cal. 49.) We must presume, therefore, in favor of the regularity of the judgment. In this case, however, although there is an answer on file, it appears to have been filed after Hotchkiss had made default, and his default had been duly entered.

It only remains to inquire, therefore, whether the complaint is sufficient to support the decree.

The complaint shows that plaintiff's ancestor conveyed to appellant's wife certain real estate for the expressed consideration of legal services to be rendered by appellant; that contemporaneously with the grant, appellant and wife executed an agreement in writing, in which it was recited that the grantor owned certain lots of land (the same conveyed), the title to which was clouded. Appellant agreed to examine the title to all the properties conveyed, to clear the title to such as the grantor owned at his own cost and expense, and then to reconvey one half thereof to the grantor.

The grant and agreement were made in 1880; the suit was brought in 1888; it is averred that appellant has not performed or attempted to perform his agreement, that the title to the property is still clouded, and that the conveyance and agreement were without sufficient consideration, and were procured solely by the undue influence of appellant. It is further alleged in the complaint that the appellant has not only made no attempt to perform the agreement which constituted the sole consideration for the conveyance, but, in violation of the trust created by the transaction, has sold a portion of the property, appropriating the proceeds to himself, and repudiating the obligations of the agreement and the trust, and claims to be the absolute owner of the property.

The complaint could not be sustained as against a special demurrer. It is inconsistent, illogical, and insufficiently states the facts. It avers that the conveyance was made without consideration, but shows that there was sufficient consideration for the conveyance, which, however, has wholly failed. It avers that the conveyance was procured by the undue influence of appellant, but states no facts or circumstances in regard to the exercise of such influence. If it be conceded that the facts and circumstances ought to have been specifically detailed, yet it is but the case of an insufficient statement, and not the lack of an essential fact.

Counsel quotes section 1566 of the Civil Code, and claims that the conveyance was not wholly void, and that plaintiff ought to have proceeded to rescind, as prescribed in the code. This suit is practically for that purpose.

As appellant, according to the allegations of the complaint, had done nothing in the way of performance, and had parted with nothing, but wholly repudiated the contract and the trust relation, nothing was required of plaintiff in the way of placing him *in statu quo ante.*

I therefore advise an affirmance of the judgment.

VANCLIEF, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

MCFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.