[S. F. No. 2795.   In Bank. — August 8, 1901.]

DAVID J. SPENCER, Petitioner, v. JAMES M. TROUTT, Judge of the Superior Court of the City and County of San Francisco, Respondent.

APPEAL — APPELLANT'S NAME OMITTED FROM JUDGMENT — NULLITY — JURISDICTION. — An appeal taken by a defendant whose name was omitted from the judgment as entered was a nullity, and conferred no jurisdiction upon the appellate court.

ID. — AMENDMENT OF JUDGMENT NUNC PRO TUNC — RIGHT OF APPEAL. — An amendment of the judgment as entered, *nunc pro tunc*, so as to include therein the name of the omitted defendant as of the date of its original entry, cannot operate to deprive such defendant of his right of appeal from the judgment then entered against him for the first time.

ID. — MANDAMUS — FIXING OF STAY BOND. — *Mandamus* will lie to compel the judge who amended the judgment *nunc pro tunc* to fix the amount of a stay bond upon appeal by the defendant from the judgment thereby entered against him.

MANDAMUS from the Supreme Court to a Judge of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

T. M. Osmont, for Petitioner.

Naphtaly, Freidenrich & Ackerman, and W. B. Kollmeyer, for Respondent.

TEMPLE, J.—This is a proceeding for a writ of mandate to require the respondent to determine the amount of a stay bond on an appeal from a judgment for the possession of land, rendered against the petitioner. The judgment was rendered in an action brought by Julius Baum, now deceased, against petitioner, and Edward Roper and Kate Roper, wife of said Edward Roper.

Respondent's answer, which was admitted to be in all respects true, shows that on the sixth day of February, 1897, a decision was rendered in said cause, as follows: "That plaintiff is entitled to a judgment that plaintiff do have and recover of and from the defendants, Edward Roper, John W. Roberts as administrator of Kate Roper, deceased, and David J. Spencer, the possession of all the lands described in the amended and supplemental complaint," etc. At the same time findings were filed, and judgment therein was entered in the judgment-book, February 10, 1897.

Subsequently, the defendants, including the petitioner, prepared, had settled and engrossed, a statement on motion for a new trial, and took all the proceedings required to enable them to submit the motion for decision. The motion was so submitted and was denied. Thereupon petitioner, with his co-defendants, appealed from the order to this court. In the same mode he took an appeal from the judgment, and bonds were given by petitioner and the other defendants on each appeal. The appeals were duly presented to the court by the appellants, and having been decided adversely to petitioner, he asked for a rehearing in Bank. The rehearing was denied. After filing the *remittitur* in the court below, it was discovered that in the judgment as entered the name of petitioner was omitted.

Application was then made to amend the entry by inserting the name of petitioner. This was done by what is called a *nunc pro tunc* order,—giving the amended record the date of the former record.

Petitioner then took steps for a new appeal from the judgment, claiming that the former appeal was, as to him, void, as prematurely taken. In that view he applied to respondent to fix the amount of a stay bond on appeal from the judgment, which application was denied, and hence this proceeding.

It may be taken for granted, that if petitioner then had a

right to appeal, it was the duty of respondent to grant the application. Several points are made here in justification of the refusal to determine the amount of the stay bond.

1. If the judgment was properly *entered* at the time of the first imperfect record, the time allowed by statute for taking an appeal had expired. It is contended that the amendment was the correction of a clerical misprision, and did not extend the time to appeal. But if the petitioner could not have taken an appeal from the judgment as first entered, the amendment was quite material. It would hardly be contended that the judgment could be so entered and the record amended after the time for appeal had expired, and thereby a party be deprived of the right to appeal altogether. The time allowed for an appeal commences to run from the time of the actual entry of the judgment. The order amending the record shows that judgment was not actually entered against the petitioner until May 29, 1901. It hardly requires argument or authority to establish the proposition that a court cannot by antedating an order, or the entry of it, cut off the right of a party to move for a new trial, to move to set the judgment aside, or to appeal. These rights, given by the Code of Civil Procedure, cannot be lost to a party by such action, whether the effect was designed or not. The test as to whether the period in which the party must act in order to get relief from an order or judgment against him must be, whether he could have obtained the desired relief (on a proper showing) before the *nunc pro tunc* order was made. Could he have made his application as the judgment, order, or record *was?*

2. And this brings us to the next point, that petitioner has had his appeal. He has been heard as fully as he could have been, had the judgment been entered against him in the first instance, as evidently he assumed it had been. And having had all the advantages of an appeal, and the time and attention of the trial and appellate courts in the consideration of his alleged grievances, it is contended he is estopped thereby. If it were a new question, this contention would deserve very serious consideration. The judgment had been rendered, and unless stayed, might have been enforced. The cause was within the appellate jurisdiction of this court, but the steps prescribed by statute for bringing it to the cognizance of the court had not been taken. It might well have been said that an objection to an appeal before the judgment was actually

entered was in the nature of a plea in abatement,—an objection which could be waived, and which would be conclusively held to have been waived, unless promply raised. In such case the proceedings on appeal and the judgment rendered by this court could not be questioned. But a different view has been taken in several cases, and it has been held that an appeal taken before the entry of the judgment is a nullity, and the judgment entered here on such appeal is void. This conclusion seems to have been based largely upon the necessity of a rule by which it can be determined whether the trial court still retains jurisdiction of the case.

In the case of *Brady* v. *Burke*, 90 Cal. 1, an appeal was, in form, taken from a decree foreclosing a street-assessment lien. The appeal was taken after a decree had been signed and filed, but before it had been entered. After the attempted appeal, and while, conceding the validity of the appeal, it was pending in the supreme court, the lower court made and caused to be entered a new decree, essentially different from the first. A sale was had under the last decree, and the purchaser brought suit to quiet his title. Objection was made that the decree under which the sale was made was void, because an appeal had been takcn, and was pending when the last decree was made and entered, and therefore the lower court had lost jurisdiction. This would have been the case had the appeal been valid. But it was held that "the appeal was futile, and the case remained in the lower court undisturbed."

In *Estate of Devincenzi*, 131 Cal. 452, an appeal was taken from an order refusing to confirm an administrator's sale, and declaring it to be null and void. The supreme court reversed the order, and directed the probate court to enter an order confirming the sale, which the probate court did. An appeal was also taken from this order or judgment, and it was contended that the first appeal was ineffectual for any purpose, because taken before the order vacating the sale had been entered. Therefore the first order of the probate court vacating the sale still stood in full force, and the court had no jurisdiction to enter the order confirming the sale, even though expressly ordered to do so by this court, by its judgment entered on the attempted appeal. The contention was sustained here, this court saying that, the appeal being unauthorized, "the order was not vacated by such direction, but remained in

as full force as if no appeal therefrom had ever been attempted."

According to these decisions, the want of jurisdiction in this court over a premature appeal is absolute, and as consent cannot confer jurisdiction, the defect cannot be waived. It is argued, however, that this case may be differentiated from those cases, because here a judgment was entered, and the only question which could have been presented would have been that petitioner was not an aggrieved party, and that could be waived. That seems to be a case of *petitio principii*. If the record on appeal showed that the appellant was not entitled to appeal, the judgment here would have no validity. But the test is, I believe, as stated under the first point, Could petitioner, against objection, have maintained an appeal from the judgment as first entered? Certainly, I think, he could not. No judgment against him had been entered. I fail to see how the fact that it was entered against his co-defendants is of importance. Such fact would not have prevented a dismissal of his appeal on motion of respondent. He was not aggrieved by the judgment against his co-defendants. The cases of *Savings and Loan Society* v. *Horton*, 63 Cal. 310, and *Fallon* v. *Brittan*, 84 Cal. 511, do not help respondent. In neither case was there a jurisdictional question, and in both a judgment had been entered from which an appeal could have been taken, and the modifications made by the *nunc pro tunc* orders were immaterial, so far as the appeals were concerned. The case of *Marshall* v. *Taylor*, 97 Cal. 422, does not touch this question. There was no appeal from the judgment, and the record was not, as counsel suppose, corrected after an appeal taken. The appeal was from the *nunc pro tunc* order.

Let the writ issue as prayed.

Garoutte, J., Van Dyke, J., Henshaw, J., and Beatty, C. J., concurred.

McFARLAND, J., dissenting.—I dissent. Of course, after petitioner has had the advantage of one appeal, in which all the merits of his case were fully presented, there is no justice in allowing him another appeal of the identical same kind, and I think that the law does not imperatively demand a ruling which allows him such double appeal. I think that the

case at bar is distinguishable from *Brady* v. *Burke*, 90 Cal. 1, and *Estate of Devincenzi*, 131 Cal. 452. They present the naked case of a notice of appeal before any pretense of the entry of the judgment or order attempted to be appealed from. In the case at bar the judgment appealed from had been entered before the appeal was taken. The findings and decision of the court show what the judgment should be, and direct it to be so entered. The clerk entered the judgment in accordance with the decision in all respects except this one: when writing the names of the defendants against whom the judgment was ordered, he omitted, by a clerical mistake, the name of the defendant who is now here petitioner. The record, on its face, clearly shows the mistake, and it could have been amended at any time so as to express the decision and direction of the court. This the petitioner is presumed to have known, and with this knowledge he, with the other defendants, appealed from the judgment, and on the appeal presented and argued the entire merits of the case as if the clerk had already entered the judgment as he should have entered it, and as he could at any moment have been compelled to enter it. Petitioner assumed that to have been done which should have been done. The record showed that the judgment was substantially a judgment against him; for it was always, on its face, subject to the amendment which would make the judgment express the decision. The judgment, therefore, even as it stood, was a menace to petitioner, and he was a party aggrieved thereby, with the right of appeal, and having appealed once, he had no right to the same appeal the second time.

I think that the petition for the writ should be denied.