[S. F. No. 2937.   Department One.—October 8, 1904.]

CLARA BAUM, Administratrix, etc., Respondent, v. ED-
   WARD ROPER et al., Defendants; DAVID J. SPENCE,
   Appellant.

APPEAL FROM JUDGMENT—REVIEW.—Where an appeal, though taken
   within proper time after the entry of the judgment against the
   appellant, was taken more than four years after its rendition, the
   objection that the evidence does not support the decision of the trial
   court cannot be considered.

ID.—CONSTRUCTION OF FINDINGS—RECOVERY OF REAL PROPERTY IN SAN
   FRANCISCO—DEFENSE OF STATUTE OF LIMITATIONS—ACT OF 1864.—
   In an action to recover real property in San Francisco, where the
   answer pleaded that the action was barred by the provisions of
   section 318 of the Code of Civil Procedure, and also pleaded the
   act of March 5, 1864, a finding that the action is not barred by
   the provisions of section 318 is equivalent to a finding against the
   truth of the allegation in the answer under the act of March 5, 1864,
   that neither plaintiff nor his privies in estate have been in posses-
   sion of the property within five years next before the beginning
   of the action, and the omission specifically to find on such allegation
   is not material.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  Charles W. Slack, Judge,
rendering judgment.  James M. Troutt, Judge, amending
judgment.

The facts are stated in the opinion of the court.

J. B. Mhoon, and T. M. Osmont, for Appellant.

W. B. Kollmyer, and Naphtaly, Freidenrich & Ackerman,
for Respondent.

SHAW, J.—This is a second appeal from the judgment
rendered in the superior court on February 6, 1897.  The
judgment as rendered was against all the defendants, but
the clerk, by inadvertence in making the entry thereof, failed
to insert the name of the present appellant, David J. Spence,
in the judgment as entered.  This omission was not observed,
however, at the time, and all the defendants joined in an
appeal to this court, and the judgment was affirmed.  (See
*Baum v. Roper,* 132 Cal. 42.)  In the subsequent decision in

*Spence* v. *Troutt,* 133 Cal. 605, (erroneously reported as *Spencer* v. *Troutt,*) it was held that, so far as Spence was concerned, the first appeal, although the opinion showed a full consideration of all the points in the case, and was rendered after hearing argument in his behalf, was nevertheless a nullity, because as to him the judgment was not entered, and this court could not acquire jurisdiction of an appeal taken from a judgment before the entry thereof, and that Spence had the right to take an appeal within six months from the time of the amendment inserting his name therein. This amendment was made on May 29, 1901, and this appeal was taken on June 7, 1901.

Inasmuch as this appeal was taken more than four years after the *rendition* of the judgment, it is apparent that we cannot consider the objection that the evidence does not support the decision of the trial court. (Code Civ. Proc., sec. 939, subd. 1.) We have, however, re-examined the evidence and reconsidered the points presented on the first appeal and decided by this court in *Baum* v. *Roper,* 132 Cal. 42, and are satisfied with the conclusions there reached upon a consideration of the same record.

The appellant now makes the additional point that the judgment is erroneous because there is no finding on the issue tendered by the answer relating to the effect of the act of March 5, 1864, upon the right of the plaintiff to maintain the action. The act provides that in any action begun more than one year thereafter for the recovery of real property in San Francisco, or affecting the title thereto, none of the provisions of the act of March 11, 1858, ratifying certain ordinances of San Francisco, nor any of the provisions of the ordinances therein recited, should be deemed to aid the right or title set up or claimed by any party, unless such party, or his privies in estate, shall have had actual possession of the land in dispute within five years next before the commencement of the action. The answer pleaded this statute, and alleged that neither the plaintiff nor his predecessors in interest had had the actual possession of the land within five years next before the beginning of the action. There is no express finding upon these allegations. We are of the opinion, however, that the findings made include a finding upon the facts set forth in the answer. The answer alleged that the

action was barred by the provisions of section 318 of the Code of Civil Procedure. This is merely a statutory method of alleging the facts which, under that section, constitute a bar to the action,—namely, that the plaintiff and his predecessors have not been seized or possessed of the property within five years next before the commencement of the action. This is substantially the same as the allegation aforesaid intended to invoke the operation of the act of 1864. The court finds that the action is not barred by the provisions of said section 318. In substance, this is the same as a finding that the allegation that neither plaintiff nor his privies in estate have been in possession of the property within five years next before the beginning of the action is not true. There was no evidence or claim that either of them were under any disability. Therefore it does, in substance, amount to a finding on the issues tendered by the answer.

We have considered this point on the theory that there was evidence sufficient to require such a finding with respect to the effect of the act of 1864. The appellant, however, does not cite us to any evidence showing that the plaintiff required aid from the act of 1858 or the ordinances referred to in that act in order to establish his title. The title seems to be established by proof of adverse possession long after that act took effect, and irrespective of any deraignment of title from the city of San Francisco.

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.