[Civ. No. 2300. Second Appellate District, Division One.—November 8, 1919.]

UNITED STATES FILM COMPANY (a Corporation), Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Appellant.

[1] APPEAL—PRESUMPTION OF REGULARITY OF RULINGS—BURDEN OF PRODUCING RECORD SHOWING ERROR. — On appeal, every presumption must be indulged in favor of the regularity of the rulings of a court of general jurisdiction. Hence, where an appellant complains of errors committed by the trial court, it devolves upon him to produce a duly authenticated record affirmatively showing the alleged error; otherwise the court on appeal must, if under any circumstances the ruling could be deemed correct, assume that such condition or circumstance was made to appear.

[2] ID.—ACTION ON UNDERTAKING STAYING EXECUTION—AMENDMENT OF COMPLAINT DURING TRIAL—APPEAL ON JUDGMENT-ROLL—ERROR NOT REVIEWABLE.—On appeal from a judgment in favor of the plaintiff in an action to recover upon an undertaking executed to stay the execution of a judgment in a replevin action after affirmance of the latter judgment on appeal, alleged error in permitting the plaintiff during the trial of the action on the undertaking to file an amended complaint cannot be reviewed by the appellate court, where the appeal is taken on the judgment-roll alone, although there is printed in the transcript a copy of the minute order showing that objection was made to the filing of the amended complaint. Such minute entry is no part of the judgment-roll.

[3] REPLEVIN—AFFIRMANCE OF JUDGMENT ON APPEAL—FAILURE TO DELIVER PROPERTY—BREACH OF UNDERTAKING—RECOVERY OF VALUE. Where the judgment requiring the defendant to deliver certain personal property to the plaintiff is affirmed on appeal and notice of such affirmance and the transmittal of the *remittitur* to the clerk of the trial court is given to the defendant, the failure within a reasonable time to deliver the property, as required by the judgment, constitutes a breach of the undertaking on appeal, conditioned as required by section 943 of the Code of Civil Procedure, and the agreement contained therein for such conditional delivery, for which breach the plaintiff is entitled to recover the sum thereby fixed by the court as the value of the property.

[4] ID.—ACTION ON UNDERTAKING TO RECOVER VALUE—SUBSEQUENT TENDER INEFFECTIVE.—In such case, tender of delivery of the

property made after commencement of an action to recover the sum fixed in the undertaking on appeal as the value of the property will not affect the plaintiff's right to recover the amount of money specified in the undertaking to be paid in lieu of the delivery of the property.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Patterson Sprigg for Appellant.

Lewis R. Kirby and Charles E. Dow for Respondent.

SHAW, J.—In an action brought by this plaintiff against one J. Arthur Nelson, the subject of which was the right to the possession of a certain moving-picture film entitled "Slim and the Mummy," valued at one thousand dollars, the court rendered a judgment requiring Nelson, defendant in said action, to deliver the same to plaintiff. Defendant appealed from the judgment and, for the purpose of staying execution thereof, procured defendant herein to execute an undertaking in the sum of one thousand dollars, conditioned as required by section 943 of the Code of Civil Procedure, that appellant should obey any order of the appellate court made on said appeal. The judgment was affirmed and the *remittitur* filed with the clerk of the lower court on March 28, 1916, notice of which fact was, on April 7, 1916, duly given to defendant's attorney of record. No delivery, however, of the film was made, and on May 4, 1916, plaintiff demanded of defendant herein payment of the sum of one thousand dollars, found by the court to be the value thereof and which sum defendant by said undertaking agreed to pay in the event of Nelson's failure to deliver the film. In the absence of such delivery and payment of said sum so demanded not being made, plaintiff, on May 5, 1916, brought this action to recover upon the undertaking, and as a result of the trial thereof judgment was rendered in favor of plaintiff, from which defendant has appealed upon the judgment-roll alone.

The chief error complained of is that the court erred in permitting plaintiff during the trial to file an amended

complaint, over the objection of defendant that the undertaking declared on in the original complaint was a different undertaking from that set forth in the amended complaint, and, therefore, the last complaint stated a new and different cause of action from that involved in the original complaint. In other words, that the cause of action set forth in the amended complaint was a new and distinct cause of action from that contained in the original complaint, a course of procedure which, as held in *Bowman* v. *Wohlke,* 166 Cal. 128, [Ann. Cas. 1915B, 1011, 135 Pac. 37], is not permissible.

[1] On appeal every presumption must be indulged in favor of the regularity of the rulings of a court of general jurisdiction. Hence, where an appellant complains of errors committed by the trial court, it devolves upon him to produce a duly authenticated record affirmatively showing the alleged error; otherwise the court on appeal must, if under any circumstances the ruling could be deemed correct, assume that such condition or circumstance was made to appear. [2] As stated, the appeal is on the judgment-roll alone, and while there is printed in the transcript a copy of a minute order showing that defendant objected to the filing of the amended complaint, such minute entry is no part of the judgment-roll (Code Civ. Proc., sec. 670), and since the alleged erroneous ruling is not authenticated as required by law, we cannot review the error predicated thereon for the purpose here invoked by appellant. (*Nolte* v. *Nolte,* 29 Cal. App. 126, [154 Pac. 873]; *De Pedrorena* v. *Hotchkiss,* 95 Cal. 636, [30 Pac. 787].) In the absence of any record showing that defendant objected to the filing of the amended complaint, we must assume, for aught that appears to the contrary, that defendant in express terms consented to the filing thereof, in which case, conceding that without such assent the court erred, it is in no position to complain.

[3] As stated, the defendant in the suit of this plaintiff against Nelson was notified on April 7, 1916, that the supreme court had affirmed the judgment from which the appeal was prosecuted, and transmitted the *remittitur* therein to the clerk of the trial court. The failure within a reasonable time to deliver the film as required by the judgment constituted a breach of the undertaking and agree-

ment contained therein for such conditional delivery, for which breach plaintiff was entitled to recover the sum thereby fixed by the court as the value of the property. [4] The court found that not until July 12, 1916, and after the commencement of this action and during the progress of the actual trial thereof, was a delivery tendered, and that such delay in delivering the film was without excuse or justification. Plaintiff's right to recover the amount of money specified in the undertaking to be paid in lieu of the delivery of the property so ordered was unaffected by the tender thereof made during the trial.

There is no merit in appellant's contention that plaintiff in its action should have sued for a delivery of the personal property, rather than for the amount specified in the undertaking.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.