[Civ. No. 5500.  Third Appellate District.—December 11, 1935.]

CHARLES C. HARRIS, Petitioner, v. SUPERIOR COURT OF SONOMA COUNTY et al., Respondents.

Devoto & Smith for Petitioner.

Clarendon W. Anderson for Respondents.

PULLEN, P. J.—On August 31, 1934, an interlocutory judgment of divorce was rendered in the Superior Court of the County of Sonoma, in favor of petitioner herein, but through an inadvertence such interlocutory judgment was not entered. A year after the rendition of said judgment, petitioner, learning of the error, sought an order of the Superior Court directing the clerk thereof to enter said interlocutory decree as of August 31, 1934. This the court refused to do, and petitioner now asks this court through a writ of mandate to compel such entry.

█ No power exists in this court to grant the relief sought. This question seems definitely to have been settled by the rule expressed and the reasons given therefor in the case of *Nolte* v. *Nolte*, 29 Cal. App. 126 [154 Pac. 783], Mr. Presiding Justice Conrey speaking for the court. There the trial judge signed a final decree based upon an interlocutory decree entered *nunc pro tunc*. Thereafter the court upon its own motion, vacated the final judgment "because it was entered within a week after the actual entry of the interlocutory decree of divorce." From this order setting aside the final decree so entered an appeal was taken. The gist of the opinion upholding the action of the court in setting aside the final decree is not based upon any lack of authority in the court to enter a decree *nunc pro tunc*, but upon the ground that the court had no authority to enter a final decree until the expiration of one full year after the *actual* entry of the interlocutory decree.

Section 132 of the Civil Code provides, "When one year has expired after the entry of such interlocutory judgment, the court, on motion of either party, or upon its own motion, may enter the final judgment granting the divorce, . . . but if an appeal is taken from the interlocutory judgment, or motion for a new trial made, final judgment shall not be entered until such motion or appeal has been finally disposed of, nor then if the motion has been granted or judgment reversed. . . ."

Section 131 of the Code of Civil Procedure provides that from an interlocutory judgment in a divorce action "an appeal may be taken within six months after its entry in the same manner and in like effect as if the judgment were final".

The time within which such an appeal may be taken dates from the entry of the judgment. (Sec. 939, Code Civ. Proc.) As pointed out in *Spence* v. *Troutt*, 133 Cal. 605 [65 Pac. 1083], a court cannot by antedating an order or the entry of it cut off the right of a party to move for a new trial, to move to set aside the judgment or to appeal.

In *Grannis* v. *Superior Court*, 146 Cal. 245 [79 Pac. 891, 106 Am. St. Rep. 23], it was held the provisions of section 131 and section 132 of the Civil Code are limitations on the power of the court and intended to forbid the entry of the final decree until after the prescribed period. In *Claudius* v. *Melvin*, 146 Cal. 257 [79 Pac. 897], the court said: "We think the defendant is correct in the position that the year which must elapse before final judgment can be entered begins to run from the time of the actual entry of the interlocutory judgment and not from any theoretical *nunc pro tunc* date of entry."

The writ is denied.

Thompson, J., and Plummer, J., concurred.