[Civ. No. 6759.   Third Dist.   Dec. 19, 1941.]

NATHANIEL LEFTRIDGE et al., Appellants, v. CITY
OF SACRAMENTO et al., Respondents.

Albert E. Sheets, Anthony J. Kennedy and Carl Kuchman for Appellants.

Hugh B. Bradford, City Attorney, for Respondents.

TUTTLE, J.—On the 3rd day of April, 1941, appellants gave and filed a notice of appeal from:

"1. That certain order discharging respondents from peremptory writ of mandate, made and entered herein on the 10th day of March, 1941, and from the whole of said order; and

"2. That certain amendment to judgment, and judgment, entered herein against petitioners and in favor of respondents on the 24th day of March, 1941, and from the whole of said amendment to judgment, and judgment."

Clerk's and reporter's transcripts were filed in due time in this court.

On the 8th day of October, 1941, respondents filed notice to dismiss said appeal upon the following grounds:

"1. That the amendment relates back and the original judgment stands, and therefore the attempted appeal is too late, (see Grounds of Motion to Dismiss Appeal from the Judgment).

"2. That the amendment to the judgment was not a readjudication of the case; it was simply the correction of a ministerial error.

"3. That the court has power on its own motion at any time to amend the entry of the judgment to make same correspond to the judgment as rendered.

"4. That the said appeal is frivolous in that: A. The subject matter of said amendment to judgment, to-wit: denial of claim for back wages, was passed upon by the court and recorded twice: (1) in the minutes of the court as set out on page 40, clerk's transcript, lines 23, 24; (2) in the findings of fact as set out on page 46, clerk's transcript, lines 16 to 20; that the judgment of the court rendered included the denial of claim for back pay even though it was not included in the formal judgment as entered by the clerk.

"5. That no prejudice is shown and no academic appeal is permitted.

"6. That the attorney for appellants drafted not only the findings, but the judgment, and is now estopped to take advantage of his own error in omitting from the judgment the decision of the court in the matter of back pay."

The action sought to be dismissed arises out of a petition for a writ of mandate, wherein appellants, civil service employees of the city of Sacramento, seek to compel respondents, as members of the civil service commission and city council, to fix the prevailing wage scale which should be paid appellants, under the following provisions of the city charter:

"It shall be the duty of the Civil Service Board to familiarize itself with the scale of wages paid to all classes of employees both in and out of the City service, and for that purpose it shall, whenever it may be deemed necessary, hold investigations to ascertain the prevailing scale of wages. Whenever it shall be found that the City has diverged from such scale, the Board shall transmit, in writing, to the City Council, notice of such divergence and it shall be the duty of the Council to adjust the wages paid to said prevailing scale. (Art. VIII, Sec. 52, City Charter.)"

Further relief was sought in the matter of compelling the city to pay back wages for the difference between the amount appellants had been paid and the prevailing wage; the latter is stated to be eighty-five cents per hour.

After a trial of the issues, in which considerable evidence was presented to the court, findings and conclusions of law

were filed. The court found that respondent Civil Service Board "did not make any findings therein as to the prevailing scale of wages for petitioner or the class of employees of petitioner in said employment, nor did it find therein that the scale of wages then being paid to petitioner and said other employees, diverged from any prevailing scale of wages for similar work in the City of Sacramento; that it is not true that there was any evidence before said Board from said investigations which justified it in making a finding as to the prevailing scale of wages for the employment of petitioner or the class of employees of petitioner, or a finding of a prevailing scale of wages of 85 cents per hour for said employment."

The foregoing finding was made in respect to appellant Leftridge. As to appellant Jacobson, the findings are practically the same:

"That there was no evidence before respondent Civil Service Board or the members thereof, during the course of said investigations which justified it in making any finding of a prevailing scale of wages for the position of petitioner or the class of employees of petitioner in the sum of 85 cents per hour or in any sum at all; that it is true as alleged in paragraph III of said fourth allegation of facts and causes for issuance of a writ of mandate herein, that petitioner has not received a wage at the rate of 85 cents per hour for said employment at any time from and after the 7th day of April, 1939; that it is not true there was or is due, owing or unpaid to petitioner as compensation for his services to said City in said position, a difference or balance between the wages paid to him and a wage at the rate of 85 cents per hour."

The court concluded that appellants were entitled to a peremptory writ of mandate, which was thereupon issued. By its terms, respondent Civil Service Board was ordered to hold investigations to determine the prevailing wage scale for work performed by appellants, under the terms of the city charter. It was ordered that if the board found that there was a divergence between the amount paid petitioners and the prevailing wage, notice of such divergence should be sent to the city council; that upon receipt of such notice, the latter were ordered to adjust the wages of appellants to correspond to the prevailing wage scale.

Thereafter, the Civil Service Board filed its return to said writ, and a "further return," wherein it is set forth that after an investigation, which included public hearings, it found that there was *no divergence* in wages paid appellants and the prevailing wage scale. Objections filed by appellants to said returns were overruled by the court. Thereafter, and on March 10, 1941, the court made the following order:

"It is Hereby Ordered:

"1. That the return and the further return of respondents to the peremptory writ of mandate issued herein be accepted by the above entitled court, and the same hereby is so accepted, as full compliance by respondents and each of them with the orders and directions contained in said writ;

"2. That petitioners' objections and each of them to said return and said further return to the peremptory writ of mandate issued herein be, and the same hereby are, overruled and denied;

"3. That respondent Civil Service Commission of the City of Sacramento, and the respondents Joseph T. Stacy, Leroy Deise, B. W. Cavanaugh, and each of them, as the members thereof, be, and said respondents hereby are, discharged of all further duty or obligation to hold investigations or otherwise proceed to ascertain the prevailing scale of wages for petitioners or either of them under the peremptory writ of mandate issued herein;

"4. That all other respondents and each of them herein be, and they hereby are, discharged of all duty or obligation under the peremptory writ of mandate issued herein."

On March 22, 1941, the court, of its own motion, entered the following order:

"Although this court found on the issues hereinafter incorporated in this amendment to the judgment heretofore made and entered, yet through inadvertence and clerical mistake the same were left out of and omitted from the judgment, hence the court hereby orders this amendment to be added to the judgment heretofore so made and entered herein:

"The court having found that it is not true that there was or is due, owing or unpaid to petitioners, or either of them, as compensation for their services to said City of Sacramento a difference or balance between the wages paid to petitioners and a wage at the rate of 85 cents per hour, it is ordered and adjudged that petitioner Nathaniel Leftridge, take nothing

by virtue of his alleged cause of action set forth as a further, second, separate and distinct allegation of facts and causes for issuance of writ of mandate in the first amended petition herein; and likewise it is ordered and adjudged that petitioner Chris Jacobson, take nothing by virtue of his alleged cause of action set forth as a fourth, separate and distinct allegation of facts and causes for issuance of a writ of mandate in the said first amended petition herein.

"This amendment to the judgment shall be entered *nunc pro tunc* as of the date of the original judgment, to-wit, September 11th, 1940."

■ The court had no power to enter a judgment *nunc pro tunc* where the effect would be to deprive one of the litigants of the right to appeal in respect to the new adjudication. (*Spencer* v. *Troutt*, 133 Cal. 605 [65 Pac. 1083]; 2 Cal. Jur. 403, sec. 170.) It follows, that so far as appellants are concerned, the amendment is *functus officio*, and the original judgment must be the final determination of the proceedings. ■ Furthermore, the amendment is not a correction of the original judgment, but it is a new adjudication upon an issue not theretofore disposed of. While a court has the power to correct its orders and judgments, after the entry thereof, we do not believe that the amendment here comes under that category.

■ It is true that the court found that appellants were not entitled to back pay, and that it also appears that the judgment did not dispose of that issue, but it is clear that the reason that such issue was not adjudicated by special reference thereto in the judgment was the fact that the Civil Service Board had made no finding thereon. The portion of the findings quoted above clearly indicates this. We do not consider that the finding makes such issue *res judicata.* The sole purpose of the judgment was to compel respondents to *fix the prevailing wage scale,* and until *that* had been determined, the court could not say whether or not there would be any back pay due petitioners. The object of the proceeding was to compel the board to determine the matter. The reason that back pay was denied in the findings was not based upon any legal consideration, but, as the court says, upon the *fact* that the board had never investigated and reported to the council upon the question of compensation due appellants. If the council had the matter before it,

we do not regard the judgment or the amendment thereto, as having the effect of precluding the granting of any back pay found due. ■ Furthermore, the peremptory writ directed the city council, if there was a divergence, to fix the compensation due appellants under the terms of the City Charter. It must be assumed that if any back pay was due appellants, under the law, the council would order it. Summing up this phase of the case, the court found that appellants were not entitled to back pay, *and then granted a peremptory writ of mandate ordering the board to find and determine if any back pay was due*. The situation is confusing, but we have endeavored to unravel it with as little prejudice as possible to all concerned. As the board finally found that there was no divergence, this disposed of the issue. It would seem a useless proceeding to appeal, assuming that the amendment was allowed to stand.

■ Turning to the appeal from the order discharging respondents from the writ, respondents contend that it must be dismissed because such order is not appealable. Section 963, subdivision 2, of the Code of Civil Procedure provides that an appeal may be taken "from any special order made after final judgment." If such order affects the judgment in some manner or bears some relation to it either by way of enforcing it or staying its execution, it is appealable. (*Lake* v. *Harris*, 198 Cal. 85, 89 [243 Pac. 417], citing several cases.) The order here, made after the final judgment, discharged respondents from further compliance with the writ of mandate. It had a direct bearing upon the enforcement of the judgment, and was therefore appealable.

The motion to dismiss the appeal from the judgment, and the purported amendment thereof, is granted. The motion as to the appeal from the order is denied.

Thompson, Acting P. J., concurred.